UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. 14-301 (ESH) |
| JAMES BRUCE EMERSON, | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

Plaintiff Philadelphia Indemnity Insurance Company brings this subrogation action against defendant James Bruce Emerson to recover the $265,285.02 it paid to Community Connections, Inc. ("CCI"), pursuant to an insurance contract, to cover CCI's losses from a fire allegedly caused by defendant's improper installation of electrical wiring. Before the Court is plaintiff's motion for entry of a default judgment. (Pl.'s Mot. for Default Judgment ("Pl.'s Mot."), Mar. 19, 2015 [ECF No. 18].) For the reasons stated herein, the motion will be granted, and a default judgment will be entered against defendant and in favor of plaintiff in the amount of $265,285.02.

### BACKGROUND

Plaintiff is a corporation that is organized and exists under the laws of Pennsylvania, with its principal place of business located Pennsylvania. (*Id*. ¶¶ 3-4.) It is authorized to issue policies of insurance in the District of Columbia. (*Id*. ¶ 3.) Defendant is an electrical contractor with a principal place of business in Maryland. (*Id.* ¶ 5.)

On November 1, 2011, there was a fire at 4321 Georgia Ave, NW, Washington DC, 20011, a business property owned and operated by CCI. (Am. Compl. ¶¶ 2, 8, 12, Oct. 28, 2014 [ECF No. 11].) The fire caused extensive damage to the physical property and a loss of business income. (*Id.* ¶ 14.) Plaintiff, as CCI's insurer, covered these losses through payments to CCI totaling $265,285.02. (*Id.* ¶¶ 4, 14.) A subsequent investigation revealed that the fire was caused by electrical wiring installed by defendant. (*Id.* ¶¶ 9, 13.) Pursuant to the insurance contract between plaintiff and CCI and by operation of law, plaintiff is subrogated to CCI's right of recovery against any and all responsible parties. (*Id.* ¶ 15.)

On February 25, 2014, plaintiff filed this subrogation action against defendant seeking to recover the money it had paid to CCI. (Compl., Feb. 25, 2014 [ECF No. 1].) After multiple attempts to serve defendant failed, plaintiff sought, and the Court granted, permission to serve by alternative means. (Order, July 30, 2014 [ECF No. 4].) After service was accomplished pursuant to the authorized alternative means, plaintiff realized that defendant's full legal name differed slightly from the name that appeared on the complaint ("Bruce Emerson" v. "James Bruce Emerson"), so, with the Court's permission, it filed an amended complaint and summons. (Order, Oct. 15, 2015 [ECF No. 9].) After multiple unsuccessful attempts at service, the Court again granted plaintiff's motion to serve by alternative means. (Minute Order, Dec. 23, 2014.) In accordance with the Court's Order, plaintiff served the amended complaint and summons on January 10, 2015, by posting the pleading at defendant's last known address. (Proof of Service by Publication, Feb. 26, 2015 [ECF No. 16].) After defendant failed to timely file an answer or otherwise respond to the complaint, plaintiff filed its affidavit for entry of default (Aff. for Entry of Default, March 10, 2015 [ECF No. 16]), and, pursuant to Federal Rule of Civil Procedure

55(a),[1] the Clerk of Court entered a default against defendant.  (Clerk's Entry of Default, Mar. 12, 2015 [ECF No. 17].)  Plaintiff now moves for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).[2]  As of the date of this Memorandum Opinion, defendant has not entered an appearance nor filed any pleadings or other papers.

## DISCUSSION

Plaintiff seeks a default judgment against defendant and in favor of plaintiff in the amount of plaintiff's payments to the insured: $265,285.02.  The amended complaint alleges that defendant is liable for these payments because the fire was the result of defendant's negligence, breach of contract, and/or breach of express and implied warranties (*Id*. ¶¶ 17, 23, 27.)

The "entry of a default judgment is not automatic." *Mwani v. bin Laden*, 417 F.3d 1, 6 (D.C. Cir. 2005).  First, the procedural posture of a default does not relieve a federal court of its "affirmative obligation" to determine whether it has subject-matter jurisdiction over the action. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996).  Here, the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), and venue is proper under 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . .")

In addition, "a court should satisfy itself that it has personal jurisdiction before entering judgment against an absent defendant." *Mwani*, 417 F.3d at 6.  Here, the Court is satisfied that it has personal jurisdiction over defendant because defendant personally performed electrical contracting work in the District of Columbia that gave rise to the present litigation.  *See Burger*

---

[1] Rule 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerks must enter the party's default."  Fed. R. Civ. P. 55(a).

[2] Rule 55(b)(2) allows a party to "apply to the court for a default judgment" against a party in default.

*King Corp. v. Rudzewicz*, 471 U.S. 462, 473 ("[A] forum legitimately may exercise personal jurisdiction over a nonresident who purposefully directs his activities toward forum residents" where "the litigation results from alleged injuries that arise out of or relate to those activities." (internal quotations and citations omitted).)

Moreover, the determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Courts strongly favor resolution of disputes on their merits. *Id*. However, default judgment is available "when the adversary process has been halted because of an essentially unresponsive party. . . . The diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980) (internal quotations omitted). Where, as here, there is a complete "absence of any request to set aside the default or suggestion by the defendant that it has a meritorious defense, it is clear that the standard for default judgment has been satisfied." *Int'l Painters and Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (internal quotations omitted).

Finally, while the entry of default establishes defendant's liability for the well-pleaded allegations of the complaint, *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001), it "does not . . . establish liability for the amount of damages claimed." *Boland v. Elite Terrazzo Flooring, Inc.*, 763 F. Supp. 2d 64, 67 (D.D.C. 2011). If necessary, a court may hold a hearing to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, though, no hearing is necessary as there are sufficient "detailed affidavits [and] documentary evidence" to allow the Court to independently assess "the appropriate sum for the default

4

judgment." *Flynn v. Mastro Masonry Contractors*, 237 F. Supp. 2d 66, 69 (D.D.C. 2006) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).  Specifically, in support of its motion for default judgment, plaintiff has filed an affidavit from William Sylianteng, plaintiff's attorney, which attaches proof as to the amount of damages in the form of copies of checks from plaintiff to the insured.  (Affidavit of William Sylianteng, Mar. 19, 2015 & Ex. 1 thereto [ECF No. 18-1, 18-2].)

## CONCLUSION

Accordingly, and for the reasons set forth above, the Court will grant plaintiff's motion for default judgment and enter judgment in favor of plaintiff and against defendant in the amount of $265,285.02.  A separate Order of Judgment accompanies this Memorandum Opinion.

/s/   *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:  March 24, 2015